WICHITA FALLS MOTOR CO. v. BRIDGE

(Court of Civil Appeals of Texas. Ft. Worth. May 10, 1913. Rehearing Denied June 7, 1913.)

1. MASTER AND SERVANT (§ 218*)—INJURIES TO SERVANT—ASSUMPTION OF RISK—INEXPERIENCED SERVANT.

Where an inexperienced employé was injured by his hands being thrown against the knives of a defective machine by the jerking of a timber which he was holding in the machine, the fact that he knew he would be injured if his hands came in contact with the knives does not establish assumption of risk on his part, since he may not have known that they would be brought into contact with the knives by the jerking of the timber.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 601–609; Dec. Dig. § 218.*]

2. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION AS TO FACTS.

In an action for such injuries, an instruction which assumed that the employé knew of the danger in operating the machine was misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY CHARGE.

A requested instruction as to assumption of risk need not be given, where that issue is fairly submitted by the court's charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—ASSUMPTION OF RISK—KNOWLEDGE OF DANGER.

An employé does not assume the risk of all danger incident to his employment, simply because he knew that there was some danger connected therewith.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

5. MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—ASSUMPTION OF RISK.

The law does not require a servant to exercise ordinary care and diligence in ascertaining the danger incident to the work he is performing, but holds that he assumed the risk only of the danger which he knew or would have known by the exercise of ordinary care in the discharge of his duties.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

6. MASTER AND SERVANT (§ 296*)—HARMLESS ERROR—INSTRUCTIONS—TRIVIAL ERROR.

An instruction as to the contributory negligence of a servant, which required the jury to find the master guilty of negligence before they could find contributory negligence, is not prejudicial; since the question of contributory negligence is not material unless there was negligence on the part of the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

Error to District Court, Wichita County; P. A. Martin, Judge.

Action by W. L. Bridge against the Wichita Falls Motor Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Huff & Bullington, of Wichita Falls, for plaintiff in error. Montgomery & Britain, of Wichita Falls, for defendant in error.

SPEER, J. The Wichita Falls Motor Company seeks by this appeal to reverse a judgment recovered against it by W. L. Bridge for the sum of $1,500 for personal injuries. Plaintiff alleged in his petition that he was employed by the defendant as a wood work-

er and builder of automobile bodies, and that while engaged in such service he was directed by the defendant's foreman, under whom he was serving, to use a certain machine known as a "jointer," which is described in the pleadings, and that such machine was old and out of repair and in an unsafe and dangerous condition; that he had little experience in work of this kind, and without negligence upon his part, while using the machine in an attempt to prepare a piece of timber by passing the same over the rapidly revolving knives of the jointer, the timber was suddenly jerked, causing his hand to be thrown against the knives, cutting off two of his fingers. The negligence relied on was that defendant failed to provide plaintiff a safe place to work, failed to furnish him a reasonably safe machine with which to work, but negligently supplied a second-hand machine not equipped with guards to cover those parts of the knives which were not being used. He further alleged that, notwithstanding his inexperience in the use and operation of the jointer, the defendant negligently failed to warn him of the danger there was in connection with the work. The answer consisted of a general denial, pleas of contributory negligence and assumed risk.

Omitting formal parts, the charge is as follows:

"(2) The defendant is not an insurer of the safety of its employés, but it was the duty of the defendant, the Wichita Falls Motor Company, to use ordinary care to provide plaintiff, Bridge, with reasonably safe machinery with which to work, and if for any reason the jointer at which the plaintiff worked was a dangerous machine and the plaintiff was inexperienced and unfamiliar with such machinery and the dangers incident thereto, then it was the duty of the defendant to use ordinary care to warn plaintiff of such dangers as the defendant knew or might have known by the use of ordinary care and instruct him in the use of such machine, unless such dangers were obvious to one of plaintiff's experience, or were known to the plaintiff prior to his injury.

"(3) If you believe from the evidence before you that the plaintiff was injured as charged in his petition, and if you believe that the machine on which he was injured was not furnished with a guard and was dangerous, and if you believe that the danger was known to the defendant and its agents, or could have been known by the use of ordinary care, and if you believe that the defendant, its agents and employés, failed to warn the plaintiff of such dangers, and if you further believe that the plaintiff was inexperienced in the use of such machine and did not know of the dangers incident to its use, and if you believe that requiring plaintiff to use such machine in the condition it was in and under the circumstances in which he was required to use such machine was negligence as that term has been defined to you, or if you believe that the failure to warn plaintiff as to dangers, if defendant did fail to warn him, and if you believe that such negligence in either event was the proximate cause of the injury, then you will find for the plaintiff, unless you find for the defendant, under some other charge given you.

"(4) Contributory negligence is such an act or omission upon the part of the plaintiff amounting to a want of ordinary care and prudence, as, concurring or co-operating with some negligent act of the defendant, is the proximate cause or occasion of the injury complained of. Therefore, if you believe from the evidence that the plaintiff was himself guilty in the manner and under the circumstances that you find that he received the injury complained of, and that such negligence, if any, on his part, proximately caused or contributed to the plaintiff's injury, then you should find for the defendant.

"(5) An employé assumes such risks as are ordinarily incident to the services he undertakes and such others as he knows of, or by observation in the discharge of his duties would have known of. But the negligence of the employer is not one of the assumed risks, unless the employer knows of such increased risk, or by ordinary care in the discharge of his duties would have known of it. If, with this explanation, the jury believe that the alleged defect or danger complained of by him with reference to the jointer was a risk assumed by him, or, in other words, that such defect or danger was a risk ordinarily incident to his services or one of which he knew, of by the exercise of ordinary care in the discharge of his duties would have known, then he cannot recover. But in determining this matter you may take into consideration whether the plaintiff was experienced or inexperienced in the use of the jointer machine."

The major portion of plaintiff in error's brief is taken up with the proposition that the court should have given a summary instruction to find for it on the facts. It would be a profitless task to set forth all the evidence bearing upon this issue; but we content ourselves with announcing the conclusion that the evidence introduced by defendant in error was sufficient to support the judgment affirming his allegations of negligence on the part of plaintiff in error in furnishing him a defective machine and in failing to warn him of the dangers incident to its use, and that defendant in error's pleas of assumed risk and contributory negligence were not established.

[1] Upon the issue of assumed risk we might add that, while defendant in error necessarily knew that if his hands came in contact with the rapidly revolving knives, which were in plain view of him, he would receive a serious injury, yet it does not fol-

low from this that he would know, inexperienced as he was, that his hands would be thrown into the knives in the manner they were. He testified that he did not expect such a thing, and the very nature of the occurrence seems to confirm the truth of his testimony. At all events, the verdict of the jury is supported in the evidence. The principles of law involved are not controverted and are too well known to admit of the multiplication of authorities.

[2] Special charge No. 8, which the court refused, would have been misleading if given, in that it appears to assume that defendant in error knew the danger and extent thereof of operating the defective jointer.

[3] Besides, the issue of assumed risk was fairly submitted under paragraph 5 of the charge above quoted. The same criticism may be made of special charge No. 9. It assumed that defendant in error allowed his fingers to slip off the timber he was pushing across the machine; whereas, his testimony was that his hand was knocked into the machine by the kicking of the board he was holding. Furthermore, this issue was fairly submitted in paragraph 4 of the charge above quoted.

[4] Special charge No. 5 is not an accurate statement of the law as applied to the facts of this case. It was as follows: "If you find and believe from the testimony that the plaintiff, W. L. Bridge, at the time of his injury knew that the manner in which he handled the piece of timber on said jointer machine was dangerous, or if he must necessarily by exercise of ordinary care during the course of employment have known said fact, then, in that event, the plaintiff, in attempting to place the said piece of timber over the jointer machine in the maner which he did, assumed the risk of being injured thereby, and you will return your verdict for the defendant."

It has never been held, we believe, that an employé takes all the risk of an injury merely because he knows, or ought to know, that the work in which he is engaged is dangerous. It is matter of common knowledge that there are thousands of employés daily engaged in operating machinery and otherwise when every one of such employés knows he is engaged in a dangerous work, yet can it be said that for that reason alone they assume all risks of injury in the service? Such a proposition would imply that the employé not only knew there was some danger, but of the full extent thereof, and the requested charge contained this vice. All of the requested charges were properly refused.

[5] The following special charge was given at the request of defendant in error: "Even though you should believe from the evidence that the plaintiff knew the guard was off the jointer and knew that the jointer was in a defective condition by reason of the guard's being off of said jointer, but if you should further believe that the plaintiff by reason of ignorance or inexperience did not appreciate the risk and danger of passing the piece of timber over said jointer at the time of his injury, he would not be chargeable with having assumed the risks of such danger."

The only proposition under the assignment attacking this charge is that it was erroneous "for the reason that the law requires the plaintiff to exercise ordinary care and diligence in ascertaining the dangers incident to the work he is performing." This is not accurate. The true rule is better presented in the court's charge on assumed risk, wherein defendant in error was denied a recovery if the risk was the result of a danger "of which he knew or by the exercise of ordinary care in the discharge of his duties would have known." The law does not impose upon an employé the duty "to exercise ordinary care and diligence in ascertaining the dangers incident to the work he is performing," as plaintiff in error's charge is written. His duty is to labor—intelligently, of course—but not to search for defects or latent dangers.

[6] The fourth paragraph of the charge submitting the issue of contributory negligence is attacked in the seventh assignment, but the proposition thereunder fails to show in what particular the charge is erroneous. Under the subjoined argument, however, the suggestion is made that under the court's charge the plaintiff could not be guilty of contributory negligence unless the jury first found that the defendant was negligent. But let it be so. It never becomes necessary in any case to pass upon the plaintiff's contributory negligence until the jury have first found that the defendant is negligent. So that, no possible harm could have followed if the charge is susceptible of the interpretation contended for. Furthermore, strict accuracy would require that there be a primary, or at least a concurring, cause before another act can contribute to a result. What we have said upon those assignments discussed necessarily disposes of all others adversly to plaintiff in error.

We find no error in the judgment, and it is affirmed.